IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


**JAMES N. PLATER, SR.,**

    **Plaintiff,**

vs.                                            Case No. 1:05cv148-MMP/WCS

**STEPHAN OELRICH, et al.,**

    **Defendants.**

                               /


## AMENDED REPORT AND RECOMMENDATION

This case was initiated by the *pro se* Plaintiff in August of 2005. Doc. 1. As Plaintiff did not pay the filing fee or submit an *in forma pauperis* motion, an order was entered giving him until October 14, 2005, to do one or the other. Doc. 4. Plaintiff partially complied with that order by submitting the *in forma pauperis* motion, but because he did not supply the computer printout of his inmate bank account, another order was entered on October 27, 2005, giving him additional time to demonstrate his entitlement to *in forma pauperis* status.[1] Doc. 9. On the day before that deadline

---

[1] During this early stage of the proceedings, the case was reassigned from Magistrate Judge Kornblum to the undersigned. Doc. 8.

expired, Plaintiff submitted a change of address. Doc. 11. Thus, it was presumed that Plaintiff's transfer to another institution prevented him from timely complying with the prior order, doc. 9, and he was given another extension of time (until December 30, 2005) to submit the necessary inmate bank account information and warned of the consequences for his default. Doc. 12. When Plaintiff failed to comply with that order, the undersigned entered a report and recommendation on January 10, 2006, recommending dismissal of this case. Doc. 13. Plaintiff filed objections to the report and recommendation on January 24, 2006, doc. 14, claiming he had been attempting to comply with the order. On March 8, 2006, an order was entered by District Judge Paul rejecting the report and recommendation in light of Plaintiff's claim, and the case was remanded. Doc. 15.

An order was entered by the undersigned on March 9, 2006, which explained in detail the deficiency with the *in forma pauperis* motion. Doc. 16. The order reviewed Plaintiff's objections and carefully articulated what Plaintiff had been required to do and why his response (in the objections) were incorrect. In particular, the order provided:

> As a matter of clarification for Plaintiff, the recommendation to dismiss this action was *not* because Plaintiff did not file an *in forma pauperis* motion, but because the supporting documentation necessary to grant the motion was not filed. *See* doc. 7. Plaintiff did file an *in forma pauperis* motion, signed by Plaintiff on October 3, 2005, and filed in the Clerk's Office on October 6, 2005. Doc. 7. Attached to the two-page motion were two pages from the Alachua County Jail showing items Plaintiff purchased. *Id.* That document does not, however, provide sufficient information concerning money received by Plaintiff nor does it adequately indicate the period of time covered. *Id.*
>
> Plaintiff indicates on the *in forma pauperis* motion that he had not been incarcerated for at least six months and answered the question concerning where else he had been held with "n/a." *Id.* At the time the motion was filed, Plaintiff was held at the Federal Detention Center in Tallahassee, Florida. *Id.* But the

> account statement he submitted was from Alachua County Jail. The statements made in the motion, therefore, are not correct.

Doc. 16, p. 2. That order then clearly and explicitly directed Plaintiff "to submit a *current* account statement reflecting the six-month period of time up to this point." *Id.*, at 3. Plaintiff was to provide prison bank account statements reflecting "deposits into his prison account from October 3, 2005, through *at least* March 3, 2006" by April 10, 2006. *Id.* Plaintiff was also directed to simultaneously submit an amended complaint by the same deadline. *Id.* He was again advised that his [f]ailure to comply with this Court order may result in a recommendation of dismissal of this action." *Id.*, at 4.

On April 20, 2006, an order to show cause was entered because Plaintiff had failed to respond in any way to the prior order. Doc. 17. Plaintiff was given fifteen days to demonstrate good cause as to why his case should not be dismissed for failure to comply with a court order and he was advised once again that "[f]ailure to respond to [that] order [would] result in a recommendation of dismissal of this action." *Id.* Plaintiff did not comply with that order and another report and recommendation was entered on May 9, 2006, recommending dismissal just as Plaintiff had been advised would happen. Doc. 18.

On the same day the report and recommendation was entered, Plaintiff filed a "letter" in reply to the order to show cause order. Doc. 19. Plaintiff states that he is indigent and *pro se* and is "not effectively able to proceed in this case filing issues each month in order to keep up with the courts superior intelligence and learned attorneys, supported by financially sound government." *Id.* Plaintiff complains that he "must do research in a law library that is extreamly [sic] limitted [sic] to the issues at hand." *Id.*

He asserts that he must beg other inmates to help him and they "expect payment." *Id.* Plaintiff reports that if he could be given an address to the A.C.L.U., he could proceed "in a much faster manor [sic] more effectively." *Id.* Plaintiff contends he needs counsel to proceed in this case. *Id.*

Plaintiff has been ordered on multiple occasions to supply copies of his inmate bank account. That is a simple and straight forward requirement. Plaintiff does not need access to the law library to do so, and there is no legal research required to comply with that order. An attorney is not needed to assist Plaintiff in obtaining copies of his inmate bank account. His prior objection to the previous report and recommendation demonstrates he knows how to obtain the statements, he simply appears unwilling to do so in this case.

The Court has been attempting to obtain the relevant information to determine whether Plaintiff can be granted *in forma pauperis* status since September of 2005. *See* doc. 4. Enough is enough. If Plaintiff needed more time to comply with court orders, he could have filed a motion seeking additional time.[2] Plaintiff has not done so. It is time to dismiss this case for Plaintiff's failure to comply with numerous court orders. Should Plaintiff decide that he wants to litigate his claims and will comply with court orders, Plaintiff may initiate a new case. Because Plaintiff has not been granted *in forma pauperis* status, he is not liable for any filing fee in this case and, thus, this case

---

[2] In Plaintiff's other case (1:05cv154), Plaintiff did file a motion for an extension of time which reveals he knows how to do so. Doc. 25 in case 1:05cv154. Additionally, Plaintiff was able to properly file an *in forma pauperis* motion in that case, doc. 15, with the appropriate supporting documentation, doc. 12. Plaintiff was directed to pay a partial filing fee, doc. 16, and several payments have been made in that case. In light of these facts, the conclusion to be drawn is that Plaintiff simply is unwilling to make additional payments for a second lawsuit.

Case No. 1:05cv148-MMP/WCS

can be dismissed at no monetary cost to Plaintiff.  Accordingly, the prior report and recommendation entered in this case, doc. 18, is vacated and this amended report and recommendation is entered in its place.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice** for Plaintiff's failure to comply with court orders.

**IN CHAMBERS** at Tallahassee, Florida, on May 12, 2006.


    s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**